United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-11168

---

Certain Underwriters at Lloyd's, London
and Other Insurers Subscribing to
Reinsurance Agreements F96/2922/00 and No. F97/2992/00
                                    Plaintiff-Appellee,

versus

Warrantech Corp.; Warrantech Consumer Products Services, Inc.;
        Warrantech Help Desk, Inc.; Joel San Antonio
                                    Defendant-Appellant.

---

Appeal from the United States District Court
For the Northern District of Texas

---

Before REAVLEY, HIGGINBOTHAM, and GARZA, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This case brings questions of our jurisdiction to review an order remanding the case to state court after its removal as a case that "relates to" an earlier arbitration proceeding. Certain Underwriters at Lloyd's, London and Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 and No. F97/2992/00 seek dismissal for lack of jurisdiction of the appeal filed by Warrantech Corporation and Joel San Antonio (collectively, "Appellants"). Appellants appeal (1) the district court's order remanding all "unresolved" issues back to state court; (2) the district court's order granting Underwriters partial summary judgment on Appellants' res judicata and collateral estoppel

affirmative defenses; and (3) the district court's order dismissing with prejudice Warrantech's counterclaims.[1]

# I

This case arises out of the administration of consumer warranties and extended service plans on computers, printers, and related items sold by CompUSA, a national electronics retailer. CompUSA contracted with Warrantech to administer the warranties on CompUSA's consumer goods. The contract required Warrantech to obtain insurance to cover the cost of paying warranty claims, which Warrantech did with Houston General Insurance Company, a nonparty to this litigation. Houston General, in turn, reinsured a portion of the risk with Underwriters.

After approximately one year, Underwriters contended that Warrantech was paying unauthorized claims and refused to reinsure Houston General for any unauthorized amounts. Houston General instituted arbitration proceedings to determine Underwriters' obligations, which took place under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (hereinafter, "the New York Convention").[2] After five weeks of hearings, the arbitration panel ordered Underwriters to pay Houston

---

[1]Both Warrantech and San Antonio assert affirmative defenses based on the arbitration award. Only Warrantech asserts various state-law counterclaims against Underwriters. As such, when discussing the affirmative defenses, we refer to "Appellants" and when discussing the counterclaims, we refer only to "Warrantech."

[2]*See* 9 U.S.C. §§ 201–208 (2000).

General $39 million, and the order was confirmed by the United States District Court for the Southern District of New York.[3]

On September 19, 2002, one month after the arbitral panel's decision, Underwriters filed the instant lawsuit against Warrantech in Texas state court, seeking to recoup as damages the reinsurance payments that Underwriters was ordered to pay Houston General.[4] Warrantech filed counterclaims, asserting causes of action for fraud, unfair and deceptive insurance practices in violation of Article 21.21 of the Texas Insurance Code,[5] and violation of the duty of good faith and fair dealing.[6] After Underwriters added San Antonio to the litigation, the case was removed under 9 U.S.C. § 205,[7] with Appellants asserting res judicata and collateral

---

[3]*Houston General Ins. Co. v. Certain Underwriters at Lloyd's London*, No. 02 Civ. 7559 JSR, 2003 WL 22480058 (S.D.N.Y. Oct. 31, 2003).

[4]Underwriters asserts causes of action against Warrantech for fraud and negligent misrepresentation, alleging that they are subrogated to all rights Houston General may have to seek damages from defendants concerning claims wrongfully submitted and paid under the insurance policies. Underwriters also seeks to recover for spoilation, alleging that Warrantech destroyed certain evidence during the course of the arbitration proceeding.

[5]Article 21.21 of the Texas Insurance Code was repealed by Acts 2003, 78th Leg., ch. 1274, § 26(a) (effective Apr. 1, 2005). It was replaced by Tex. Ins. Code Ann. tit. 5, § 541.001 *et seq*. The recodification does not affect the issues in this appeal.

[6]Warrantech's counterclaims arise from Underwriters' alleged discovery conduct during the arbitration proceedings and the failure of Underwriters to voluntarily make payment of warranty claims.

[7]Section 205 provides:

Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is

3

estoppel affirmative defenses based on the arbitration award to Houston General.

Underwriters moved to remand the matter to state court. In consideration of its jurisdiction, the district court, relying upon *Beiser v. Weyler*,[8] stated that its only task was to determine whether Appellants' arbitration-related affirmative defenses were "facially frivolous."[9] Concluding that they were not, the district court denied Underwriters' motion to remand. In its order, the court supplied a caveat: "If the court later makes a summary ruling that the arbitration award does not provide a defense to any of [Underwriters'] claims, the court will then consider whether the action should be remanded to the state court."[10]

Subsequently, Underwriters moved for partial summary judgment on Appellants' res judicata and collateral estoppel affirmative defenses and on Warrantech's state-law counterclaims. On August 24, 2004, the district court granted summary judgment for Underwriters, concluding that the affirmative defenses were without merit and dismissing Warrantech's counterclaims with prejudice.

pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205.

[8]284 F.3d 665 (5th Cir. 2002).

[9]Order Denying Remand (May 13, 2004), at 4.

[10]Order Denying Remand (May 13, 2004), at 4.

4

After determining that "there [was] no just reason for delay," the district court entered final judgment dismissing Warrantech's counterclaims.[11]  That decision forms the basis of part of this appeal.

After its August 24 order, the district court requested additional briefing on whether Underwriters' remaining state-law claims should be remanded to state court given that the issues related to the arbitration award were no longer part of the lawsuit.  After briefing, the district court granted Underwriters' motion to remand, concluding that Appellants were not asserting any "non-frivolous" defense based on the arbitration award.[12]  Finding no "policy" reasons in support of exercising jurisdiction over this case and concluding that there were "no other grounds for federal jurisdiction," the district court remanded all "unresolved claims and causes of action" to state court.[13]

## II

We must first decide what we can decide.  Prior to remanding all "unresolved" matters to the Texas state court, the district court granted Underwriters' motion for partial summary judgment on Appellants' res judicata and collateral estoppel affirmative defenses and Warrantech's state-law counterclaims.  Appellants seek

---

[11]Summary Judgment Order (Aug. 24, 2004), at 13.

[12]Remand Order (Sept. 23, 2004), at 3.

[13]Remand Order (Sept. 23, 2004), at 3-6.

5

merits review of each of the district court's orders.  Underwriters seeks dismissal for lack of appellate jurisdiction.

<u>A</u>

1

Our analysis of the district court's remand order begins with 28 U.S.C. § 1447(d): "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[14]  The Supreme Court instructs that § 1447(d) must be read *in pari materia* with § 1447(c),[15] which provides two bases for remanding cases to state court: (1) a defect in the removal procedure (which must be made within 30 days of the date of removal) and (2) the lack of subject matter jurisdiction.[16]

It is plain that with any remand based on the enumerated grounds of § 1447(c), the clear language of § 1447(d) is an absolute bar to appellate review.[17]  Since there is no contention, here, of a defect in the removal procedure, we only lack appellate jurisdiction to review the district court's remand order if it is based on a lack of subject matter jurisdiction.

---

[14]28 U.S.C. § 1447(d) (2000).

[15]*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711 (1996); *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127-28 (1995); *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345-46 (1976).

[16]28 U.S.C. § 1447(c) (2000).

[17]*Gravitt v. Southwestern Bell Tel. Co.*, 430 U.S. 723, 723 (1977) (per curiam) (noting that § 1447(d) gives an "unmistakable command" so as to preclude review of remands for grounds stated in § 1447(c) "by appeal, mandamus, or otherwise"); *see also Thermtron Prods.*, 423 U.S. at 343.

6

Our analysis is complicated by the Supreme Court's recognition, in a narrow category of cases,[18] that a district court can remand a case to state court on the basis of a non-§ 1447(c) ground.[19] In *Carnegie-Mellon University v. Cohill*, the Supreme Court held that where all federal claims have been eliminated a federal district court "has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."[20] To the Court, under limited circumstances "a remand may best promote the values of economy, convenience, fairness, and comity."[21] Thus, it is also plain that with any remand based on the policy considerations offered in *Carnegie-Mellon*, § 1447(d) is no longer a bar to appellate review.[22] Should we find jurisdiction to review the district court's remand order, our review is for an abuse of discretion.[23]

So framed, we must determine whether the district court's order remanding all "unresolved" matters to state court was based

---

[18]*See Angelides v. Baylor Coll. of Medicine*, 117 F.3d 833, 836 (5th Cir. 1997) (noting that the *Thermtron* Court carved out only a "narrow exception to the strict bar to appellate review of remand orders").

[19]*Thermtron Prods.*, 423 U.S. at 343 (finding jurisdiction review remand order expressly based on the district court's crowded docket).

[20]484 U.S. 343, 357 (1988).

[21]*Id.* at 353.

[22]*See Bogle v. Phillips Petroleum Co.*, 24 F.3d 758, 761 (5th Cir. 1994); *Burks v. Amerada Hess Corp.*, 8 F.3d 301, 304 (5th Cir. 1993).

[23]*Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 339 (5th Cir. 1999).

7

on jurisdictional grounds, i.e., § 1447(c), which bars appellate review, or nonstatutory grounds, i.e., *Carnegie-Mellon*, which allows for discretionary review. Our inquiry is guided by a clear statement requirement: for a remand order to be reviewable on appeal, the district court must "clearly and affirmatively" state a non-§ 1447(c) ground for remand.[24] Our clear-statement requirement allows a quick inquiry into jurisdiction, preventing delay through protracted litigation of jurisdictional issues,[25] and it avoids having this Court decipher the tea-leaves of a district court's remand order to determine whether it was "jurisdictional" or not. When the matter is remanded to state court (often following removal from state court initially), the district court has determined that the plaintiff's choice of forum should stand. Our clear-statement requirement best serves this policy.

Moreover, our clear-statement requirement focuses our inquiry away from the merits of the district court's decision. Section 1447(d) precludes examination of the *merits* of the district court's

---

[24]*Heaton v. Monogram Credit Card Bank of Georgia*, 231 F.3d 994, 997 (5th Cir. 2000); *Copling v. Container Store, Inc.*, 174 F.3d 590, 596 (5th Cir. 1999); *Giles*, 172 F.3d at 336; *Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 408 (5th Cir. 1991); *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 126 (5th Cir. 1982); *In re Weaver*, 610 F.2d 335, 337 (5th Cir. 1980); *see also In re Merrimack Mutual Fire Ins. Co.*, 587 F.2d 642, 648 (5th Cir. 1978).

[25]*See United States v. Rice*, 327 U.S. 742, 751 (1946) (noting that Congress opposes "interruption of the litigation of the merits of removed cause by prolonged litigation of questions of jurisdiction of the district court to which the cause is removed"); *Soley*, 923 F.2d at 408 (citing *Thermtron Prods.*, 423 U.S. at 251) (noting that the purpose of § 1447(d) is "to prevent delay through protracted litigation of jurisdictional issues"). As a result, "the district court is the final arbiter of whether it has jurisdiction to hear the case." *Smith v. Texas Children's Hosp.*, 172 F.3d 923, 925 (5th Cir. 1999).

8

actions; we only must determine what the district court *perceived* it was doing, as "no matter how erroneous,"[26] a remand order based on a § 1447(c) ground precludes review on appeal. A contrary rule--one requiring a thorough and exhaustive examination of the district court's reasons for remand--risks tainting the limited, jurisdictional-inquiry mandated by § 1447(d) with a merits-inquiry, a process that, as noted, would only lead to a lengthier appeals process. Although we are not in search of magic words, our clear-statement requirement carefully delimitates our jurisdiction--neither expanding it beyond statutorily imposed limits, nor eschewing it when matters are appropriately before us.

Nothing in the Supreme Court's recent decision in *Kircher v. Putnam Funds Trust* requires us to back away from our clear statement requirement. There, the Court held that § 1447(d)'s ban on appellate review of remand orders applied to cases removed under the Securities Litigation Uniform Standards Act of 1998.[27] The Court had no reason to consider a clear statement requirement, as the district court plainly indicated that it remanded the case for a lack of subject matter jurisdiction.[28]

We recognize that there is some disagreement among the

---

[26]*Arnold v. State Farm Fire & Cas. Co.*, 277 F.3d 772, 775 (5th Cir. 2001); *State of Rio de Janeiro of Federated Republic of Brazil v. Phillip Morris*, 239 F.3d 714, 716 (5th Cir. 2001).

[27]*Kircher v. Putnam Funds Trust*, 126 S. Ct. 2145, 2153-55 (2006).

[28]*Id.* at 2158 (Scalia, J., concurring) (quoting the district court).

9

circuits regarding the methodology for reviewing remand orders. We apply a clear-statement requirement; others do not, opting instead to analyze a remand order for what the district court did rather than what the district court said it did. The Supreme Court recognized but did not resolve this dispute in *Kircher*. Justice Scalia would stop with the district court's words, forgoing any examination of the merits; the majority passed on the issue, noting that the result was the same under either approach. As the Solicitor General recently recognized, this type of "methodological dispute may have more impact on how district court judges draft remand orders than on the rights of the parties."[29] The validity of our methods for reviewing remand orders is not before us, so we need say no more.

2

With these principles in mind, our analysis requires examination of the text of the district court's remand order.[30] After concluding that Appellants were not "asserting any non-frivolous defense to [Underwriters'] claims based on the arbitration award," the court made passing reference to policy

---

[29]Brief for the United States as Amicus Curiae, No. 05-107, *Davis v. Int'l Union, United Automobile, Aerospace & Agricultural Implement Workers of Am. (UAW)*, at 9-11 (2006) (filed in response to invitation from Supreme Court).

[30]*See McDermott Int'l, Inc. V. Lloyds Underwriters of London*, 944 F.2d 1199, 1201 n.1 (5th Cir. 1991) (directing district courts to "take care to explain their reasons for remanding cases" because "the availability of appellate review turns exclusively on the district court's reason for remand"); *Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1026 (5th Cir. 1991) ("Reviewability of a remand order depends entirely upon the trial court's stated grounds for its decision to remand.").

considerations:

> No *policy* evidenced by the federal arbitration statutes would be advanced in the slightest by the exercise by this court of subject matter jurisdiction over the issues that remain to be resolved in this case. . . .  There is no reason *from a policy standpoint* for this court to further entertain jurisdiction over this case, bearing in mind that there is no claim of arbitrability, and that the only issues which implicate the arbitration award itself have been summarily removed from the case.[31]

Appellants contend that the order's reference to "policy" indicates that the remand was based, not on a lack of subject matter jurisdiction, but on the efficiency and economy considerations guiding courts under *Carnegie-Mellon*.  Underwriters point to subsequent language in the remand order, which, they contend, indicates the remand was based on a lack of subject matter jurisdiction.  Specifically,

> [N]ow that the arbitration award issues have been removed from this case by a summary ruling, and there being "*no other grounds for federal jurisdiction*" in this case, the case should be remanded to the state court.
>     Therefore, [t]he court ORDERS that all unresolved claims and causes of action in the above-captioned action be, and are hereby, remanded to the state court from which this action was removed.[32]

With only this language before us, we conclude that the district court did not "clearly and affirmatively" state a non-§ 1447(c) ground for remand.  To be sure, Appellants' contentions are not without merit, as this presents a close case: both parties can point to language in the remand order supporting their position.

---

[31]<u>Remand Order</u> (Sep. 23, 2004), at 5 (emphasis added).

[32]<u>Remand Order</u> (Sep. 23, 2004), at 6 (emphasis added).

11

Appellants' argument falls short however, following a closer examination of the district court's language and upon application of the clear-statement requirement embraced by this Court.

The district court's first reference to "policy" is to that "evidenced by the federal arbitration acts," and not the concerns animating discretionary remands.[33] The second reference to "policy" considerations is essentially a single sentence, with no citation to *Carnegie-Mellon*, *Thermtron Products*, or any of the efficiency and economy factors guiding courts in making discretionary remands. Any conclusion that this was a discretionary remand, on the basis of references to policy, is militated by the subsequent discussion by the district court suggesting that it perceived itself to lack subject matter jurisdiction. As the district court concluded its remand order, it stated that there are "no other grounds for jurisdiction," language we read to mean the court perceived it lacked subject matter jurisdiction. Moreover, the court also states that the case "should"--a derivative of the imperative "shall"; although "must" might have been a more emphatic indication of a jurisdictional remand, so too would "may" be more probative of a discretionary remand. As such, we cannot say that the district court "clearly and affirmatively" stated a non-§ 1447(c) ground for

---

[33]*See Carnegie-Mellon*, 484 U.S. at 353 ("[A] remand may best promote the values of economy, convenience, fairness, and comity.").

12

remand.[34]

Unclear remand orders are not a new thing in this Court, even give our strict adherence to a clear-statement requirement. We have confronted situations before in which a district court's remand order offered language supporting both a statutory and a nonstatutory remand. In *Bogle v. Phillips Petroleum Co.*, various plaintiffs injured in a chemical-plant explosion brought state-law claims against Phillips for their injuries as well as a claim for wrongfully denied medical benefits, which Phillips used to remove the case alleging that the Employee Retirement Income Security Act preempted the litigation.[35] The district court ruled on the asserted ERISA-preemption defense, finding no preemption, and granted plaintiffs' motion to remand, stating that "[t]his case does not contain a federal claim" and applying the discretionary factors from *Carnegie-Mellon*.[36] On appeal, we dismissed for lack of jurisdiction, concluding that "[t]he district court's discussion [of the *Carnegie-Mellon* factors], although improper surplusage, [did] not taint its ultimate conclusion that it lacked subject

---

[34]We do not decide today whether, had the district court omitted the language indicating a perceived lack of subject-matter jurisdiction, the passing reference to "policy" considerations would be sufficient to satisfy our clear-statement requirement.

[35]24 F.3d 758, 760-61 (5th Cir. 1994).

[36]*Id.* at 762.

matter jurisdiction."[37]

The district court's reliance on *Beiser v. Weyler* does not alter our conclusion. Reading "relates to" very broadly,[38] *Beiser* suggests that in cases removed under 9 U.S.C. § 205, the district court, as here, should initially deny remand as long as the defendant's asserted, arbitration-related defenses are not "facially frivolous."[39] That is precisely what the district court did here, initially denying Underwriters' motion to remand, and no contention is raised on appeal that this decision was error.[40] We

---

[37]*Id.*

[38]*Beiser* relies, in part, on the expansive definition of "relates to" in *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96-97 (1983), an ERISA preemption case. *Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002); *see also Acosta v. Master Maintenance and Const. Inc.*, ___ F.3d ___, 2006 WL 1549959, *3 (construing "relates to" under § 205 and again relying on *Shaw*). We do not revisit *Beiser*'s construction of "relates to" here, but we do note, as did the district court here, that subsequent ERISA preemption cases have recognized some limits on the reach of "relates to." *See, e.g.*, *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 654 (1995).

[39]*Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) (holding that a dispute "relates to" an arbitration clause "whenever the clause could conceivably have an affect on the outcome of the case"). We continued,

> As a result, absent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of the claim. This approach honors the statute's command that we treat defenses based on arbitration clauses under the Convention in the same way that we treat removal generally. It allows the district court to determine its jurisdiction from the petition for removal, without taking evidence and without a merits-like inquiry.

*Id.* at 671-72 (internal footnote omitted).

[40]As the question is not presented, we do not decide whether the district court's decision was correct. We do recognize, however, that Warrantech's affirmative defenses in the present litigation are rather tangentially related to the arbitration award between Houston General and Underwriters.

14

do not depart from *Beiser*'s insistence on easy removal of causes whenever a defendant can assert a nonfrivolous connection to an arbitration award under the New York Convention.

Moreover, nothing in *Beiser* alters our analysis of the district court's order. The mere citation of dicta in *Beiser* suggesting a discretionary remand cannot serve to satisfy our clear-statement requirement,[41] and nothing in *Beiser* suggests that we should not apply our clear-statement requirement within the context of § 205 removals. Application of our clear-statement requirement is consistent with the plain text of § 205, which provides that, although allowing removal on the basis of a federal defense presented in the petition for removal, "[t]he procedure for removal of causes otherwise provided by law shall apply."[42] This "procedure for removal" incorporates § 1447(d)'s absolute bar to appellate review,[43] as well as our insistence that a district court "clearly and affirmatively" state a non-§ 1447(c) ground for remand. As we find no clear statement in this case, our appellate

---

[41]*Cf. Giles*, 172 F.3d at 335 (finding a discretionary remand where the district court stated that "[t]his is an appealable order because the basis of my ruling is an exercise of discretion to remand pendent state law claims").

[42]9 U.S.C. § 205; *cf.* 28 U.S.C. § 1441(a) (2000) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

[43]*Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 209 (5th Cir. 2004) (citing *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 624-25 (8th Cir. 1997); *LaFarge Coppee v. Venezolana De Cementos, S.A.C.A.*, 31 F.3d 70, 71-72 (2d Cir. 1994); *In re Amoco Petroleum Additives Co.*, 964 F.2d 706, 712-13 (7th Cir. 1992)).

15

jurisdiction is precluded by § 1447(d).[44]

B

Although we lack jurisdiction to review the district court's remand order, we still must consider whether we can review the district court's grant of partial summary judgment to Underwriters on Appellants' res judicata and collateral estoppel defenses. District court determinations accompanying remand orders are reviewable despite § 1447(d) if they meet the requirements of *City of Waco, Texas v. United States Fidelity & Guaranty Co.*[45] Under *City of Waco*, we can review a pre-remand decision of the district court if the decision is "separable" from the remand order and independently reviewable under the collateral order doctrine.[46] A decision is "separable" if (1) the decision preceded the remand order "in logic and in fact" such that it was "made by the district

---

[44]Appellants also attempt to revive the oft-rejected argument that a "post-removal event" offers an escape from the strictures of § 1447(d). Appellants argue that because the district court initially denied Underwriters' motion to remand, then adjudicated Underwriters' summary judgment motions, and only then issued its remand order, § 1447(d) is no longer a bar to appellate review. We have consistently rejected this argument. *See Angelides v. Baylor College of Medicine*, 117 F.3d 833, 836 & n.3 (5th Cir. 1997) (collecting cases). Appellants offer no reason why we should not do so here once again.
Appellants also ask us to adopt a "not-all-post-removal-events-are-equal" approach, which they contend is illustrated by the Seventh Circuit in *Adkins v. Illinois Central Railroad Co.*, 326 F.3d 828, 833 (7th Cir. 2003). Given the clear line of precedent in our Court regarding the treatment of post-removal events, we decline to do so.

[45]293 U.S. 140 (1934).

[46]*Dahiya*, 371 F.3d at 210; *Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 421 (5th Cir. 2002).

16

court while it had control of the case";[47] and (2) the decision is "conclusive"--that is, "functionally unreviewable in state courts."[48]

Our decision in *Linton v. Airbus Industrie* is illustrative.[49] There, prior to remanding the matter to state court, the district court determined that the defendants did not qualify for foreign sovereign immunity, the basis for removal.[50] We held that "[i]n light of the district court's ultimate conclusion that the entire case had to be remanded for lack of subject matter jurisdiction, the district court's [foreign sovereign immunity] determination [could] be deemed a jurisdictional finding under the facts of this case and, as such, [could] be reviewed by the state court upon remand."[51] Thus, determinations made in the process of remanding a case for lack of jurisdiction are "jurisdictional findings" that can be revisited by the state court upon remand.[52]

Here, the district court's orders--that res judicata and collateral estoppel did not provide Appellants a defense to

---

[47]*City of Waco*, 293 U.S. at 143.

[48]*Arnold*, 277 F.3d at 776.

[49]30 F.3d 592 (5th Cir. 1994).

[50]*Linton*, 30 F.3d at 594-95.  The foreign defendants relied upon 28 U.S.C. § 1330(a), which confers original jurisdiction upon district courts over any action against a "foreign state" that is "not entitled to immunity."  28 U.S.C. § 1330(a) (2000).

[51]*Linton*, 30 F.3d at 597.

[52]*See Dahiya*, 371 F.3d at 210-11 (reviewing cases).

Underwriters' state-law claims--were made in the process of remanding the case for lack of jurisdiction. We see no difference between the rejection, in *Linton*, of the defendants' foreign sovereign immunity defense--the basis for removal--and the rejection, here, of Appellants' affirmative defenses--again, the basis for removal. We conclude that the district court's order rejecting Appellants' affirmative defenses is not "conclusive" under *City of Waco*; thus, we are unable to review the merits of the district court's decision.

C

Finally, we turn to the most troubling aspect of this case--namely, what to do with the district court's order dismissing with prejudice Warrantech's state-law counterclaims. Unlike resolution of Appellants' arbitration-based affirmative defenses, we cannot say that the decision to dismiss the counterclaims was a "jurisdictional" finding, not "conclusive" under *City of Waco*, and therefore not binding on the state court upon remand. We also decline to hold that the decision is "conclusive" under *City of Waco*, as Warrantech asserts and as Underwriters appears to concede.[53] Rather, the prudent resolution of Warrantech's state-law

---

[53]We take no position on whether the order dismissing Warrantech's counterclaims is "conclusive" under *City of Waco*. Warrantech relies upon *John G. and Maria Stella Kenedy Memorial Foundation v. Mauro*, in which we concluded that we had jurisdiction to review the dismissal of plaintiffs' federal law claims even though the district court remanded the remaining state-law claims for lack of jurisdiction. 21 F.3d 667, 670 (5th Cir. 1994). In *John G.*, unlike here, there was a sound basis for federal jurisdiction--plaintiffs asserted claims fell under 28 U.S.C. § 1331. Here, in contrast, there are no federal

18

counterclaims requires a step-back, a reexamination of what the district court should have done upon concluding that Appellants' arbitration-related affirmative defenses were meritless. We conclude that the district court, upon resolving the merits of the arbitration-related affirmative defenses, abused its discretion in continuing to exercise supplemental jurisdiction over Warrantech's state-law counterclaims.[54]

Warrantech's state-law counterclaims rode into federal court on the coattails of Appellants' assertion that Appellants' res judicata and collateral estoppel affirmative defenses "relate[d] to" the state-law claims asserted by Underwriters.[55] As we have noted, this is proper, and it would be within the district court's prerogative to adjudicate them on the merits, but only if the district court properly exercised its discretion under 28 U.S.C. § 1367, the statute granting the federal courts supplemental jurisdiction over related state-law claims.[56] After concluding that

claims; the only basis for federal jurisdiction was 9 U.S.C. § 205, and once the arbitration-related affirmative defenses were found to be without merit, the district court properly remanded the matter to state court.

[54]*See Hernandez ex rel. Hernandez v. Tex. Dep't of Protective & Regulatory Servs.*, 380 F.3d 872, 878 (5th Cir. 2004) ("Prior to reaching the merits, we must verify, *sua sponte*, that our jurisdiction . . . is proper."); *In re McCloy*, 296 F.3d 370, 373 (5th Cir. 2002) ("[A] lack of subject matter jurisdiction may be raised at any time, and we can examine the lack of subject matter jurisdiction for the first time on appeal.").

[55]*See* 9 U.S.C. § 205.

[56]*Robertson v. The Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998); *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992).

Appellants' affirmative defenses lacked merit, the following claims remained in the case: (1) Underwriters' state-law claims against Warrantech and San Antonio; and (2) Warrantech's state-law counterclaims against Underwriters. It is at this moment in time that we must examine the district court's exercise of supplemental jurisdiction.

Our inquiry starts with the mandatory nature of 28 U.S.C. § 1367(a), which provides that a district court "shall" have supplemental jurisdiction over claims "so related to" claims within the court's original jurisdiction.[57] Yet § 1367(a)'s command is moderated by the factors provided in 28 U.S.C. § 1367(c), which allow a district court to decline supplemental jurisdiction under certain circumstances.[58] In consideration of these factors, we have stated that it is our "general rule" that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case.[59]

---

[57]28 U.S.C. § 1367(a) ("Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

[58]28 U.S.C. § 1367(c) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if -- (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.").

[59]*Parker & Parsley Petroleum Co.*, 972 F.2d at 585; *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).

This is such a case. Here, all claims with even a tenable connection to federal jurisdiction were dismissed very early in the litigation. As the Supreme Court noted in *United Mine Workers v. Gibbs*, "[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."[60] We echoed a similar thought in the context of removal under § 205 in *Beiser*:

> Under § 205 . . . the federal issue in cases will often be resolved early enough to permit remand to the state court for a decision on the merits. . . . If the district court decides that the arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court.[61]

Thus, the absence of any claims with any connection to federal law at such an early point in the litigation suggests that the district court abused its discretion in exercising supplemental jurisdiction over Warrantech's state-law counterclaims.[62]

Moreover, Warrantech's state-law counterclaims have little, if any, relation to the arbitration award. Our task is to compare the federal basis for jurisdiction (here, the asserted affirmative defenses stemming from the arbitration award) against the dismissed state-law claims (here, Warrantech's counterclaims arising from

---

[60]383 U.S. 715, 726 (1966).

[61]*Beiser*, 284 F.3d at 674-75.

[62]*See Carnegie-Mellon*, 484 U.S. at 351 (nothing that when the single federal law claim is eliminated at an "early stage" of the litigation, the district court has "a powerful reason to choose not to continue to exercise jurisdiction"); *Parker & Parsley Petroleum Co.*, 972 F.2d at 585.

Underwriters' alleged discovery conduct and failure to voluntarily make payment of warranty claims).[63] There is little factual overlap between these two claims. Appellants asserted their arbitration-related affirmative defenses in response to Underwriters' underlying claims. Res judicata and collateral estoppel are judicial economy devices, seeking to prevent religitation of issues previously adjudicated.[64] Warrantech's counterclaims arise out of separate and independent actions of Underwriters––discovery misconduct and failure to pay insurance claims. In short, we do not see a sufficient connection between the two claims to warrant the exercise of supplemental jurisdiction. We conclude that the district court abused its discretion in exercising supplemental jurisdiction over Warrantech's state-law counterclaims.

### III

In sum, our inquiry into what we can decide leaves us without jurisdiction to consider the merits of any of the district court's orders. First, we lack jurisdiction to review the district court's remand order as the district court did not "clearly and affirmatively" state a non-§ 1447(c) ground for remand. Second, the district court's order dismissing Appellants' res judicata and

---

[63]We are not seeking a connection between the arbitration-based defenses and Underwriters' state-law claims properly presented in Texas state court. That is the proper inquiry under *Beiser*, but the issue has not been presented on appeal.

[64]*See Key v. Wise*, 629 F.2d 1049, 1061 (5th Cir. 1981) (discussing res judicata); *Parklane Hosiery, Inc. v. Shore*, 439 U.S. 322, 329 (1979) (discussing collateral estoppel).

collateral estoppel affirmative defenses was a "jurisdictional finding," not binding on the state court following remand. Finally, the district court abused its discretion in exercising supplemental jurisdiction over Warrantech's state-law counterclaims. Accordingly, the district court's order dismissing with prejudice Warrantech's counterclaims must be VACATED, and the remainder of Appellants' appeal must be DISMISSED.

Appellee's motion to dismiss appeal for lack of jurisdiction is GRANTED.


ENDRECORD

EMILIO M. GARZA, Circuit Judge, dissenting:

I dissent from the majority's initial holding that the district court's remand order is not reviewable under 28 U.S.C. § 1447(d). Because this case involves the discretionary remand of supplemental state-law claims, the prohibition on appellate review does not apply.

The law in this area is clear. "After a district court remands a case to state court for lack of subject matter jurisdiction, 28 U.S.C. § 1447(d) bars a federal appellate court from reviewing the remand ruling 'no matter how erroneous.' " *Dahiya v. Talmidge Int'l, Ltd.*, 371 F.3d 207, 209 (5th Cir. 2004) (quoting *Arnold v. State Farm Fire & Cas. Co.*, 277 F.3d 772, 775 (5th Cir. 2001)). If the remand order is not based on a lack of subject-matter jurisdiction but is, rather, discretionary, the remand order is reviewable. *Bogle v. Phillips Petroleum*, 24 F.3d 758, 760 (5th Cir. 1994); *see Carnegie Mellon Univ. v Cohill*, 484 U.S. 343, 357 (1988) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). In determining whether a remand is discretionary or jurisdictional, the scope of our inquiry is limited to determining the basis for the district court's remand order, in other words, what the district court *perceived* it was doing. *See Bogle*, 24 F.3d at 760 ("In determining whether [an]

24

order is appealable, [the] threshold inquiry is whether the district court based its remand on lack of subject matter jurisdiction."); *McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1201 (5th Cir. 1991) ("[T]he availability and means of appellate review for a district court's remand order depend entirely on the court's reason for issuing the order.").

Asserting a newly tailored "clear-statement requirement,"[1] the majority concludes that "the district court did not 'clearly and affirmatively' state a non-§ 1447(c) ground for remand" and holds that the court is without jurisdiction on appeal under 28 U.S.C. § 1447(d).[2] Although it acknowledges that the remand order bears the hallmarks of a discretionary remand and although it claims to not require "magic words" to satisfy its clear-statement requirement, the majority nevertheless finds the remand order to be "unclear." Like the majority, I decline to opine as to the validity of its "clear-statement requirement" because, even under this standard, the district court's remand order unmistakably

---

[1] We have never invoked a "clear-statement requirement." Rather, we look to the remand order to determine whether a "district court 'clearly and affirmatively' relie[d] on a non-§ 1447(c) basis." *Heaton v. Monogram Credit Card Bank of Ga.*, 231 F.3d 994, 997 (5th Cir. 2000) (quoting *Copling v. Container Store, Inc.*, 174 F.3d 590, 596 (5th Cir.1999)).

[2] Tellingly, the majority does not, indeed cannot, affirmatively state that the district court remanded based upon a § 1447(c) ground such as a lack of subject-matter jurisdiction. As I explain *infra*, every aspect of the district court's order demonstrates that its remand was discretionary. Instead, the majority limits its holding by applying an appellate presumption against a discretionary remand and finding this presumption to be unrebutted by the district court order.

25

states a discretionary, "non-§ 1447(c) ground for remand."[3]

In its analysis, the majority pauses only momentarily to discuss and cast aside our treatment of a § 205 removal in *Beiser v. Weyler*, 284 F.3d 675 (5th Cir. 2002). Yet, *Beiser* is the <u>only</u> case relied upon by the district court to determine its subject-matter jurisdiction upon removal[4] and the <u>only</u> case it used to *state and explain* the basis for its subsequent remand.[5] In so

---

[3] Our cases do not uniformly adhere to this requirement. Furthermore, this requirement may be in tension with the other courts of appeals and, possibly, Supreme Court cases addressing the issue of appellate jurisdiction. Brief for the United States as Amicus Curiae, No. 05-107, *Davis v. Int'l Union, United Aerospace & Agricultural Implement Workers of Am. (UAW)*, at 9-11 (2006) (cited in the majority opinion, *supra* note 29).

[4] Upon motion to remand, the district court determined that it had subject-matter jurisdiction over the action. It supported this determination with a quotation from *Beiser*:

> [T]he district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. As long as the defendant's assertion is not completely absurd or impossible, it is at least conceivable that the arbitration clause will impact the disposition of the case.

*Certain UnderWriters at Lloyd's London v. Warrantech Corp.*, No. 4:04-CV-208-A, slip op. at 4 (N.D. Tex. May 13, 2004) (quoting *Beiser*, 284 F.3d at 669) ("Order Denying Remand"). The district court concluded that the arbitration-related defenses were neither facially frivolous nor absurd or impossible and that, under *Beiser*, it had "no choice but to deny the motion." *Id*. (citing *Beiser*, 284 F.3d at 669, 671).

[5] Later, in its order remanding the case to state court, the district court again supported its decision with a lengthy quotation from *Beiser*:

> Moreover, § 205 does not interfere with state courts as much as ordinary removal under the general removal statute, 28 U.S.C. § 1441. When a case is removed under § 1441, it will often remain in federal court until its conclusion. Under § 205, however, the federal issue in cases will often be resolved early enough to permit remand to the state court for a decision on the merits. The arbitrability of a dispute will ordinarily be the first issue the district court decides after removal under § 205. If the district court decides that the

26

doing, the district court could not have been clearer: it remanded based upon our guidance in *Beiser*.

Because the only basis for remand provided by the district court is taken from *Beiser*, our analysis of whether the remand stated a non-§ 1447(c) ground for remand must begin and end with understanding what that case teaches. A cornerstone to our reasoning in *Beiser* was the determination that removal is proper under § 205 on the basis of a non-frivolous federal defense presented in the petition for removal. "[A]s long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim." *Beiser*, 284 F.3d at 671-72. Where the

> arbitration clause does not provide a defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court. [*See* 28 U.S.C. § 1441(c) (granting district court discretion to remand all claims in which state law predominates); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 585 (5th Cir. 1992) (noting that when all federal claims are resolved early in a lawsuit and only state law claims remain, the district court almost always should remand to the state court); *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir.1989) (same).] Except for state law claims that turn out to be subject to arbitration, § 205 will rarely permanently deprive a state court of the power to decide claims properly brought before it. The district court will ordinarily remand those cases that turn out not to be subject to arbitration, such that the state court will be able to resolve the merits of the dispute. Section 205 therefore raises fewer federalism problems than the general removal statute, § 1441: except in arbitrable cases, it will ordinary [sic] permit state courts to resolve the ultimate issues in a case.

*Certain UnderWriters at Lloyd's London v. Warrantech Corp.*, No. 4:04-CV-208-A, 2004 WL 2203244, at *3 (N.D. Tex. Sept. 23, 2004) (quoting *Beiser*, 284 F.3d at 674-75) ("Remand Order"). The district court supplied <u>no</u> other basis for its remand.

27

special circumstances presented by a § 205 removal are at issue, *Beiser* contemplates a later merit inquiry into arbitrability and, if the district court decides that the arbitration clause does not provide a defense, a <u>discretionary</u> remand of supplemental state-law claims. *See id*. at 675 (citing authority for the proposition that a district court has discretion to remand). *Beiser* does not intend a remand based upon a *post facto* determination that it lacked subject-matter jurisdiction *ab initio* but, rather, a discretionary determination that its continued exercise of jurisdiction is no longer prudent after federal arbitration-related issues have been removed from the case. *Id.* at 674-75.

The district court understood and scrupulously adhered to our guidance in *Beiser* when it exercised jurisdiction and subsequently remanded this case. Quoting pertinent parts of that opinion, it initially determined that jurisdiction was proper based upon purported ties between Warrantech's res judicata and collateral estoppel defenses and the arbitration proceeding. Finding no non-frivolous ties to the arbitration award after its ruling on summary judgment, however, the district court remanded, "[c]onsistent with the expectations of the Fifth Circuit," because § 205 did not require retention where "the only issues which implicate[d] the arbitration award itself ha[d] been summarily removed from the case." Remand Order at *2-3. In so doing, the district court spoke plainly: it was exercising its discretion to remand

28

supplemental state-law claims after determining that the arbitration-related defenses were without merit. Such a remand order is reviewable.

The majority acknowledges that the district court applied *Beiser* and that *Beiser* calls for a discretionary remand in these circumstances. Nonetheless, it asserts that "the mere citation of dicta in *Beiser* . . . cannot satisfy our clear-statement requirement . . . ." The majority's reasoning here is puzzling. *Dicta* is, of course, not binding. But in stating the basis for its remand, there is no principle in law or reason that prevents a district court from interpreting and using our case law to explain itself. In this case, the district court used *Beiser*'s *dicta* to clearly and affirmatively state the basis for its remand. No clearer statement was required.

If there remained any doubt, the district court's remand order contains additional convincing indicia of a discretionary, "non-§ 1447(c) ground for remand." First, the district court examined prudential reasons that militate against the exercise of jurisdiction in its remand order, stating: "No policy evidenced by the federal arbitration statutes would be advanced in the slightest by the exercise by this court of subject matter jurisdiction over issues that remain to be resolved in this case. . . . There is no reason from a policy standpoint for this court to further entertain

29

jurisdiction over this case . . . ." Remand Order at *2.[6] Such a proffer of prudential reasons would be wholly unnecessary if the district court felt that it lacked subject-matter jurisdiction under 28 U.S.C. § 1447(c).[7] Second, and most tellingly, the district court adjudicated the state-law counterclaims brought by Warrantech in its summary judgment order. The court could only properly do so if it perceived that it had supplemental jurisdiction pursuant to 28 U.S.C. § 1367 and exercised such jurisdiction pursuant to 28 U.S.C. § 1441(c), which gives a federal court the ability to "determine all issues" in a removed case, including state-law claims. The district court could not have determined those state-law claims unless it believed that it had "original jurisdiction" in the first instance based on federal law. Significantly, our case law establishes that where there is an initial determination of jurisdiction, as is evident here, a subsequent remand is not based on a lack of subject-matter jurisdiction. In *Bogle v. Phillips Petroleum*, we stated:

---

[6]  The majority contends that the district court made only "passing reference to policy considerations." But the paragraph-long statement by the district court is more than a "passing" reference and, moreover, is more substantial than the statement upon which the majority relies to support its determination that the remand order is most likely based upon a lack of jurisdiction—namely the district court's statement that there are "no other grounds for federal jurisdiction."

[7]  By contrast, such an expression of prudential reasons is consistent with a remand of supplemental state-law claims following the dismissal of those claims that provided the basis for original jurisdiction. *See Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 339 (5th Cir. 1999) ("When deciding whether to remand supplemental claims, a court should examine economy, fairness, convenience, and comity.").

30

> The critical distinction for determining appealability is the presence of federal subject matter jurisdiction prior to the order of remand. In a Section 1447(c) remand [for lack of subject-matter jurisdiction], federal jurisdiction *never* existed, and in a non-Section 1447(c) remand, federal jurisdiction *did exist* at some point in the litigation, but the federal claims were either settled or dismissed.

*Bogle*, 24 F.3d at 762. Here, the district court initially rejected a motion to remand because, under *Beiser*, "the district court will have jurisdiction under § 205 over just about any suit in which a defendant contends that an arbitration clause . . . provides a defense." Order Denying Remand at 4 (quoting *Beiser*, 284 F.3d at 669). Only after the district court had ruled on a motion for summary judgment and found the arbitration-related defenses without merit did it remand the case to state court. Under the reasoning in *Bogle*, this is a "non-Section 1447(c) remand, [because] federal jurisdiction *did exist* at some point in the litigation, but the federal claims were either settled or dismissed." *Bogle*, 24 F.3d at 762.[8]

---

[8] Despite the district court's exclusive reliance on portions of *Beiser*—sections that indicate a discretionary remand occurs after an initial finding of jurisdiction—and other compelling indicia of a discretionary remand of supplemental state-law claims, the majority concludes that the district court's remand order was unclear because it also, according to the majority, stated that it was remanding for lack of subject-matter jurisdiction. It rests this finding upon a single phrase from the remand order; namely, the district court's statement that there were "no other grounds for federal jurisdiction." Remand Order at *3. Taking the phrase out of context, the majority fails to acknowledge that the district court was quoting directly from *Beiser* and its lengthy discussion of discretionary remands.

> If the district court decides that the arbitration clause does not provide a defense, and *no other grounds*

31

There is no need to "decipher the tea-leaves" of the district court's remand order because the district court clearly and affirmatively remanded for discretionary reasons based upon the guidance we provided in *Beiser*. Accordingly, the restriction on appellate review in 28 U.S.C. § 1447(d) does not apply. I would review the district court's remand order, as well as its decision granting partial summary judgment in favor of Underwriters.

---

*for federal jurisdiction exist*, the court must ordinarily remand the case back to state court. [*See* 28 U.S.C. § 1441(c) (granting district court discretion to remand all claims in which state law predominates); *Parker & Parsley Petroleum Co. v. Dresser Indus*., 972 F.2d 580, 585 (5th Cir. 1992) (noting that when all federal claims are resolved early in a lawsuit and only state law claims remain, the district court almost always should remand to the state court); *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir.1989) (same).] Except for state law claims that turn out to be subject to arbitration, § 205 will rarely permanently deprive a state court of the power to decide claims properly brought before it.

Remand Order at *3 (quoting *Beiser*, 284 F.3d at 675) (emphasis added)). Read in context, the district court's statement does not mean that it perceived a lack of subject-matter jurisdiction to proceed. To the contrary, it merely acknowledges that the original grounds for federal jurisdiction are absent, that no <u>other</u> independent ground for federal jurisdiction exist, and that the court was exercising its discretion to remand all matters in which State law predominates pursuant to 28 U.S.C. § 1441(c).