# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 8, 2010

No. 10-10672
Summary Calendar

Lyle W. Cayce
Clerk

In the Matter of:  GOLDEN RESTAURANTS, INCORPORATED, Debtor;
DENAR RESTAURANTS, LIMITED LIABILITY CORPORATION, Debtor;
FRIES MANAGEMENT, LIMITED LIABILITY CORPORATION, Debtor;
TAG CORRAL, LIMITED LIABILITY CORPORATION, Debtor; INDY
CORRAL, LIMITED LIABILITY CORPORATION, Debtor; KANSAS
CORRAL, LIMITED LIABILITY CORPORATION, Debtor; SUNNY CORRAL
MANAGEMENT, LIMITED LIABILITY CORPORATION, Debtor,

Debtors

------------------------------

GOLDEN RESTAURANTS, INCORPORATED; DENAR RESTAURANTS,
LIMITED LIABILITY CORPORATION; KANSAS CORRAL, LIMITED
LIABILITY CORPORATION; SUNNY CORRAL MANAGEMENT, LIMITED
LIABILITY CORPORATION; TAG CORRAL, LIMITED LIABILITY
CORPORATION; INDY CORRAL, LIMITED LIABILITY CORPORATION;
METRO A, LIMITED LIABILITY CORPORATION; POP RESTAURANTS,
LIMITED LIABILITY CORPORATION; FIREBRAND PROPERTIES,
LIMITED PARTNERSHIP; CORRAL GROUP, LIMITED PARTNERSHIP;
FRIES MANAGEMENT, LIMITED LIABILITY CORPORATION;
GUILLERMO PERALES; SUN HOLDINGS, LIMITED LIABILITY
CORPORATION,

Appellants

v.

JESSICA POLLEY,

Appellee

No. 10-10672

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CV-55

---

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellants appeal the district court's decision to remand this case to Texas state court and to vacate several bankruptcy court orders.   Appellee Jessica Polley ("Appellee") has moved to dismiss the appeal for lack of subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334(d) and 1452(b). The issues presented here are (1) whether we lack jurisdiction to hear the appeal under 28 U.S.C. §§ 1334(d) and 1452(b), or instead under 28 U.S.C. § 1447(d), and (2) if so, if any portion of the district court's decision is separable and may be heard on appeal. Because we find that the district court's decision to remand and its related orders to vacate were jurisdictional under 28 U.S.C. § 1447(d), and none of the opinion is separable, we grant Appellee's motion to dismiss.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This factual and procedural background of this case are complex, and we have therefore included only those facts relevant to provide background and to address the current issues in this case.

On July 25, 2007, Appellee won a judgment for $869,172.92 against Metro Restaurants, LLC ("Metro") in the 48th District Court in Tarrant County, Texas ("state court"), based on the finding that she was sexually assaulted by a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supervisor at one of Metro's Burger King franchises. Appellee claims she had difficulty collecting her judgment from Metro, and filed suit on July 2, 2008 against both Metro and Appellants for alleged transfers between the various entities "to delay or frustrate satisfaction of the judgment" ("Polley II"). On July 10, 2008, Metro filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the Northern District of Texas, which was assigned to Bankruptcy Judge Hale (the "Metro bankruptcy"). After Judge Hale issued a stay pursuant to 11 U.S.C. § 362(a), the parties ceased action on Polley II.

On September 10, 2008, Appellee filed suit against Appellants in state court in the current case, claiming joint and severable liability for Metro's negligence ("Polley III"). Appellants failed to file a timely answer in Polley III, and the state court, after verbally "nonsuiting" An-Mar Companies, LLC ("An-Mar") at the request of Appellee, entered a default judgment against Appellants on October 15, 2008. The state court subsequently denied Appellants' motion for a new trial. On January 29, 2009, Appellants appealed the default judgment entered in Polley III to the Second Court of Appeals in Fort Worth, Texas ("state appellate court"). A few days after the appeal, the state appellate court wrote to Appellants expressing concern about its jurisdiction because it was unclear if the judgment disposed of An-Mar and therefore was a final appealable order. Appellants responded that the judgment was final and not an interlocutory order. This issue is a key dispute underlying this case.

On March 24, 2009, Appellant Denar Restaurants, LLC ("Denar") filed for Chapter 11 bankruptcy relief in the Northern District of Texas ("bankruptcy court"), and the case was assigned to Judge Nelms. Denar subsequently had Polley III removed from state court to bankruptcy court, and on April 10, 2009, all Appellants had the appeal of the Polley III judgment moved from state appellate court to bankruptcy court. On May 28, 2009, the bankruptcy court remanded Polley III to the state court except as to Denar, and on June 4, 2009,

remanded the appeal from the Polley III judgment to the state appellate court except as to Denar. The state appellate court reopened the case on June 30, 2009, and, *inter alia*, remanded the case to the state court for entry of a written order nonsuiting An-Mar, reinstated the appeal following the state court's compliance with the remand, and denied a stay of enforcement of the Polley III judgment. The state court complied with the remand and entered an order stating that "[o]n the 15th day of October, 2008, the Court granted Plaintiff's Non-Suit as to [An-Mar]." The parties dispute whether the non-suit occurred at this point, or on October 15, 2008, affecting when the judgment was final and appealable.

On July 23, 2009, four of the Appellant companies (Golden, Kansas, TAG, and Indie) filed for bankruptcy relief under Chapter 11, and were joined by a fifth (Sunny) on August 7, 2009. Appellants again moved the appeal from state appellate court to the bankruptcy court. On September 4, 2009, the bankruptcy court set aside Denar's default and granted it a new trial, and did the same for the remaining Appellants on October 9, 2009. Appellee timely appealed to the district court.

On June 11, 2010, the district court issued its opinion. It remanded the Polley III appeal to the state appellate court and Polley III to the state court, removed the stays imposed by 11 U.S.C. § 362 and vacated the bankruptcy court orders that had vacated the default judgment and granted a new trial. The district court explained that if the Polley III state court judgment "was not interlocutory when it was signed on October 15, 2008, the bankruptcy court would not have had jurisdiction to make the rulings that adversely affected the judgment" because of the pendency of a Polley III appeal at the time of its removal. *In re Denar Rests., LLC*, 2010 WL 2403039, *13 (N.D. Tex. June 11, 2010). The district court held that because "the Polley III judgment was final and appealable on October 15, 2008, . . . the bankruptcy court [did] not . . . have

No. 10-10672

jurisdiction to make rulings during and after May 2009 that adversely affected the judgment . . . . " *Id.* at *14. In further explanation, the district court noted that the "same reasons the bankruptcy [court] had for remanding Polley III" the first time "provide ample justifications for the remands that are now being ordered." *Id.* Appellee notes that the district court referenced the portion of the first bankruptcy court ruling that noted it was remanding "pursuant to 28 U.S.C. Section 1452(b)."

After explaining the rationale for its order, the district court addressed in another section, "The Significance Given By Judge Nelms To The Automatic Stay Existing By Reason Of An Earlier-Filed Bankruptcy Case In The Dallas Division." *Id.* at *15. First noting that "[t]he subject of discussion under this heading is of a matter that does not directly . . . bear on the rulings this court is making in this memorandum opinion and order," the district court discussed the effect of the stay in the Metro bankruptcy case on the bankruptcy court's decision. *Id.* at *16. The district court disagreed with the bankruptcy court's opinion that the Metro bankruptcy stay was a reason why Appellants failed to timely file an Answer in Polley III, and with the bankruptcy court's conclusion that Polley III violated the bankruptcy stay in Metro. *Id.* at *18–19.

Appellants appealed the district court's decision, and Appellee filed a motion to dismiss the appeal for lack of subject matter jurisdiction, arguing that our ability to hear an appeal was precluded by 28 U.S.C. §§ 1334(d) and 1452(b).

## II.  ANALYSIS

"Congress has placed broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court." *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995). Two relevant statutes curtail the ability of federal appeals courts to hear appeals of a district court's decision to abstain or remand a case to state court on discretionary grounds. First, a district court's decision to abstain from "hearing a particular

No. 10-10672

proceeding arising under title 11 or arising in or related to a case under title 11" for reasons of comity is not reviewable by the court of appeals. *See* 28 U.S.C. § 1334(d). Second, a district court's decision to remand a case, "on any equitable ground," that had been removed to the district court under 28 U.S.C. § 1452(a) is not reviewable by the court of appeals. *See* 28 U.S.C. § 1452(b). Additionally, a third statute strips federal appeals courts of appellate jurisdiction of a district court's mandatory remand based on a lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(d).

Appellee argues that we have no jurisdiction to hear Appellant's appeal because the district court, on a discretionary basis, chose to abstain and remand under 28 U.S.C. §§ 1334(d) and 1452(b). In support of this argument, Appellee points to the district court's language noting that "[t]he same reasons the bankruptcy court had for remanding Polley III [the first time], provide ample justifications for the remands that are now being ordered by this court." *In re Denar Rests.*, 2010 WL 2403039, at *14. Appellee points out that the district court opinion cites to the portion of the bankruptcy court order that noted it was remanding "pursuant to 28 U.S.C. Section 1452(b)."

We agree with Appellee that we are without jurisdiction to hear this appeal. Despite the district court's language referring back to the bankruptcy court's original discretionary remand, it is apparent that the district court primarily based its decision to remand on a lack of jurisdiction. The district court identified as a threshold issue whether the state court had issued a final appealable order in Polley III, and spent the majority of its opinion discussing it. It stressed that this issue is important because, "[i]f it was final and appealable at that time, the state district court lost jurisdiction over the judgment before Polley III was removed to the bankruptcy court," and therefore "the bankruptcy court did not have jurisdiction in the removed state district court action to make certain rulings it made affecting the judgment." *Id.* at *2.

6

No. 10-10672

After a full account of the facts and a discussion of relevant Texas law, the district court concluded that "the Polley III judgment was final and appealable on October 15, 2008," and therefore "the bankruptcy court did not have jurisdiction to make rulings during and after May 2009 that adversely affected the judgment . . . ." *Id.* at 14.  In other words, the district court rested its decision to remand and vacate the bankruptcy court's orders on its finding that the bankruptcy court did not have jurisdiction to, *inter alia*, vacate the Polley III default judgment and grant a new trial.  Because the district court remanded due to a lack of jurisdiction, this court lacks jurisdiction to hear Appellants appeal from the district court under 28 U.S.C. § 1447(d).

Appellants claim that while a simple remand and vacation by the district court might preclude review, the district court "affirmatively den[ied] the Appellants' factual and legal basis for a new trial" by finding Appellant's justification for the default not credible and rejecting arguments that Polley III was stayed under the Metro bankruptcy.  These issues go to the heart of the remanded appeal to be decided by the state appellate court: whether Appellants can show good cause to vacate the Polley III default judgment and receive a new trial.  Appellants complain that the district court's opinions as to these issues are functionally conclusions of fact and law that are unreviewable by the state appellate court.

Under the rule in *City of Waco v. U.S. Fidelity & Guaranty Co.,* 293 U.S. 140 (1934), federal appeals courts may review orders that are "separable" from an otherwise unreviewable remand decision.  "A decision is 'separable' if (1) the decision preceded the remand order 'in logic and in fact' such that it was 'made by the district court while it had control of the case'; and (2) the decision is 'conclusive'—that is, 'functionally unreviewable in state courts.'"  *Certain Underwriters at Lloyd's v. Warrantech Corp.*, 461 F.3d 568, 577 (5th Cir. 2006) (citations omitted).

7

No. 10-10672

In this case, the district court's discussion of the reasons for Appellants' default in Polley III and the applicability of the Metro bankruptcy stay go to the merits of the case that the state appellate court will hear on remand. The discussion of these issues, however, while strongly worded, is not itself an order or decision that can itself be separately reviewed by this court. Further, the district court's orders were based on its finding that the bankruptcy court (and therefore the district court) lacked jurisdiction. Because the district court's remand was jurisdictional, "the state court will have an opportunity to consider the appellants' [arguments]" for vacating the default judgment and granting a new trial "and the district court's order will have no preclusive effect." *Soley v. First Nat. Bank of Commerce*, 923 F.2d 406, 410 (5th Cir. 1991); *see also Nutter v. Monongahela Power Co.*, 4 F.3d 319, 322 (4th Cir. 1993) ("Because the district court's findings have no preclusive effect, they do not affect [Appellant's] substantive rights and are not severable from the remand order.") To the extent that the district court made factual and legal conclusions about the default judgment beyond the issue of the bankruptcy court's jurisdiction, these opinions are not preclusive. The district court lacked jurisdiction to make any decisions beyond the remand and the vacation orders necessary to effectuate the remand.

## III. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the appellee's motion to dismiss appeal for lack of subject matter jurisdiction is GRANTED.