# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 17, 2011

No. 10-50029

Lyle W. Cayce
Clerk

CLARENCE ENOCHS,

Plaintiff - Appellant

v.

LAMPASAS COUNTY,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas

Before KING, DeMOSS, and PRADO, Circuit Judges.

HAROLD R. DeMOSS, JR.:

This appeal asks us to determine whether the district court abused its discretion by failing to remand the case to Texas state court after all federal claims had been deleted and only Texas state law claims remained. For the following reasons, we find that the district court abused its discretion when it denied Clarence Enochs's motion to remand. We therefore vacate the district court's grant of summary judgment in favor of Lampasas County on each Texas state law claim, reverse the district court's denial of Enochs's motion to remand, and remand the case with instructions to the district court to remand the Texas state law claims to the Texas state court from which the case was removed.

No. 10-50029

I.

Enochs filed an original petition in Texas state court on December 29, 2008, alleging violations of federal law under 42 U.S.C. §§ 1983 and 1985, and violations of Texas state law under the Texas whistleblower statute, Texas Government Code § 614, and common law defamation. Pursuant to 28 U.S.C. § 1441, the County removed the entire case to federal district court on January 26, 2009. On February 26, 2009, the County filed a motion to dismiss both the federal § 1985 claim and the state whistleblower claim. On March 11, 2009, Enochs filed an unopposed motion to amend the complaint to delete all federal claims, and then a separate motion to remand the case to Texas state court.

On April 20, 2009, the district court entered an order which denied Enochs's motion to remand because "[r]emoval was proper based on the original petition filed in the state court," and granted Enochs's motion to file an amended complaint pursuant to the district court's discretion under Federal Rule of Civil Procedure 15(a). The district court also granted the County's motion to dismiss the § 1985 claim because Enochs voluntarily dropped it, and denied the County's motion to dismiss the whistleblower claim because it could not be resolved without an evidentiary record.

With respect to the denial of Enochs's motion to remand, the district court's entire analysis focused on whether removal of the case on January 26, 2009, was proper, and whether it could exercise supplemental jurisdiction over the pendent Texas state law claims in addition to exercising original jurisdiction over the federal claims. Based on the existence of two federal claims in Enochs's original petition, the district court concluded that removal was proper pursuant to 28 U.S.C. § 1441(a). And based on the existence of "a common nucleus of operative fact" between the federal claims and Texas state law claims included in the original petition, the district court concluded that supplemental jurisdiction extended over the Texas state law claims pursuant to 28 U.S.C.

No. 10-50029

§ 1367(a). The district court noted at the outset of its discussion of the motion to remand that Enochs's amended complaint deleted all federal claims from the case, but it failed to re-examine its jurisdiction over the Texas state law claims when in the same order it granted Enochs's motion to file an amended complaint.

Following the April 20, 2009 order, the case remained in the district court but involved only Texas state law claims. The parties proceeded to discovery and more than five months later the County filed motions for summary judgment on each of the Texas state law claims. Following briefing and argument on the merits of each of Enochs's Texas state law claims, the district court granted summary judgment on December 2, 2009, in favor of the County on each Texas state law claim and dismissed the case. Enochs timely appealed (i) the district court's denial of his motion to remand the case to Texas state court after all federal claims had been deleted from his original petition, and (ii) the district court's subsequent grant of County's motion for summary judgment on the remaining Texas state law claims.

II.

Enochs concedes that removal of the case to federal district court was proper and we agree. On January 26, 2009, the district court had original jurisdiction over the federal claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over the Texas state law claims pursuant to 28 U.S.C. § 1367(a). Enochs contends, however, that the district court abused its discretion in failing to relinquish jurisdiction over the pendent Texas state law claims once it had permitted him to file an amended complaint deleting all federal claims.

The district court's failure to remand the pendent Texas state law claims to the Texas state court from which the case was removed is reviewed for abuse of discretion. *Priester v. Lowndes Cnty.*, 354 F.3d 414, 425 (5th Cir. 2004). It its

No. 10-50029

April 20, 2009 order, the district court failed to analyze the statutory and common law factors that are relevant to the question of its jurisdiction over pendent state law claims. We therefore evaluate the factors in the first instance, and then determine whether the district court abused its discretion in denying Enochs's motion to remand.

In determining whether a district court improperly refused to relinquish jurisdiction over pendent state law claims, we look to the statutory factors set forth by 28 U.S.C. § 1367(c), and to the common law factors of judicial economy, convenience, fairness, and comity. *See Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (noting that "no single factor is dispositive"); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (setting forth the common law factors). We are also instructed to guard against improper forum manipulation. *Carnegie-Mellon*, 484 U.S. at 357. We consider and balance each of the factors to determine whether the district court abused its discretion. *See Mendoza*, 532 F.3d at 346.

## A.

Precedent instructs us to balance each of the statutory factors in order to determine whether a district court abused its discretion. *See McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 n.11 (5th Cir. 2003). The overall balance of the statutory factors is important. *See, e.g.*, *Mendoza*, 532 F.3d at 346. The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction. 28 U.S.C. § 1367(c); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726-27 (1966) (setting forth the common law precursor to § 1367(c)).

No. 10-50029

In this case, each of the four statutory factors favors remand.  The first three factors certainly favor remand: (1) Enochs's Texas Government Code § 614 claim concerns a novel Texas state law issue with no Texas Supreme Court guidance, as does his argument that § 1701.456(b) of the Texas Occupations Code has waived the County's sovereign immunity; (2) the Texas state law claims predominate over the non-existent federal claims; and (3) the district court dismissed all federal claims when it granted Enochs's motion to file an amended complaint.  The fourth factor also favors remand, as the heavy balance of the common law factors in favor of remand constitutes another compelling reason to decline jurisdiction.  Thus, the overall balance of the statutory factors weighs heavily in favor of remand.

### B.

The common law factors as set forth in *Carnegie-Mellon* include judicial economy, convenience, fairness, and comity.  484 U.S. at 350, 353.  We find that each factor weighs in favor of remand.

First, at the time the federal claims were deleted hardly any federal judicial resources, let alone a significant amount of resources, had been devoted to the district court's consideration of the Texas state law claims (or to any claims).  *See La Porte Constr. Co. v. Bayshore Nat'l Bank of La Porte, Tex.*, 805 F.2d 1254, 1257 (5th Cir. 1986); *cf. Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009); *Newport Ltd. v. Sears, Roebuck & Co.*, 941 F.2d 302, 308 (5th Cir. 1991).  There would be no need for either party to duplicate any research, discovery, briefing, hearings, or other trial preparation work, because very little had been done at that point.  *See Brookshire Bros.*, 554 F.3d at 603; *Mendoza*, 532 F.3d at 347.  Moreover, there is no indication that the district court had any "substantial familiarity" or was intimately familiar with the Texas state law claims at such an early stage of the litigation.  *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580, 587

5

No. 10-50029

(5th Cir. 1992); *see Smith v. Amedisys Inc.*, 298 F.3d 434, 446 (5th Cir. 2002). The denial of the County's motion to dismiss did not require a thorough consideration of the merits of the state whistleblower claim at that early stage of the litigation, and the two other Texas state law claims had not yet even been briefed. The judicial economy factor certainly favors remand.

Second, it is certainly more convenient for the case to have been heard in the Texas state court in Lampasas County, where all of the parties, witnesses, and evidence were located. Moreover, as the judicial economy factor suggests, remand would not have caused any financial inconvenience to the parties because they would not have had to duplicate any of their previous efforts or expenses. *See Mendoza*, 532 F.3d at 347. Third, it was certainly fair to have had the purely Texas state law claims heard in Texas state court, and there is nothing to indicate that either party would have been prejudiced by a remand to Texas state court. *See Parker & Parsley*, 972 F.2d at 588. And fourth, comity demands that the "important interests of federalism and comity" be respected by federal courts, which are courts of limited jurisdiction and "not as well equipped for determinations of state law as are state courts." *Id.* at 588-89. The convenience, fairness, and comity factors each certainly favors remand, and the overall balance of the common law factors weighs heavily in favor of remand.

At bottom, all of the statutory and common law factors weigh in favor of remand, some weighing heavily in favor of remand and others weighing modestly in favor of remand. We are bound to consider and weigh "all the factors" when determining whether a district court abused its discretion by failing to remand, *id.* at 590, and in this case the overall balance of the statutory and common law factors clearly favors remand.

## C.

On the issue of forum manipulation, which is the only issue that even arguably favored the retention of jurisdiction, Enochs's motion to amend his

complaint to delete the federal claims is not a particularly egregious form of forum manipulation, if it is manipulation at all. *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) (agreeing with the district court that "plaintiffs get to pick their forum and pick the claims they want to make unless they are blatantly forum shopping"); *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir. 1999) (finding that an amendment to a complaint deleting the remaining federal claims was not improper forum manipulation); *cf. Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990) (finding that improper forum manipulation weighed, along with other factors, in favor of continuing to exercise jurisdiction). In any case, the Supreme Court's instruction for district courts to "guard against forum manipulation" is explicitly qualified for situations such as this one, where other considerations weigh heavily in favor of remand. *Carnegie-Mellon*, 484 U.S. at 357.

Allegations of improper forum manipulation cannot prevent this court or the district court from considering "the other circumstances in the case," and any possible manipulative behavior by Enochs can only be taken "into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case." *Id.* Guarding against improper forum manipulation is only one of the important considerations we examine in determining whether a district court abused its discretion in failing to remand. It is not so serious of a concern that it can become a trump card which overrides all of the other factors we are instructed to consider and balance. If there was any forum manipulation in Enochs's case, it was not so improper as to override the balance of the statutory and common law factors weighing heavily in favor of remand.

### III.

The mistake which led the district court to abuse its discretion was in failing to reconsider its jurisdiction over the Texas state law claims as of the

moment it granted Enoch's motion to file an amended complaint deleting all federal claims from the case. Courts are instructed to examine their jurisdiction "at every stage of the litigation." *Id.* at 350; *see Gibbs*, 383 U.S. 715, 727 (1966) ("[T]he issue whether pendent jurisdiction has been properly assumed is one which remains open throughout the litigation."). Were the district court to have reconsidered in its April 20, 2009 order its pendent jurisdiction over the purely Texas state law claims, it likely would have then expressly considered the statutory and common law factors, and it likely would have followed the general rule and granted the motion to remand.

"Our general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed." *Parker & Parsley*, 972 F.2d at 585 (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)); *see Carnegie-Mellon*, 484 U.S. at 351 (noting that when the federal claims are eliminated at an "early stage" of the litigation the district court has "a powerful reason to choose not to continue to exercise jurisdiction"); *Gibbs*, 383 U.S. at 726 ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *Brookshire Bros.*, 554 F.3d at 602 (noting that "the general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial"); *Beiser v. Weyler*, 284 F.3d 665, 675 (5th Cir. 2002) (noting that where "no other grounds for federal jurisdiction exist, the court must ordinarily remand the case back to state court"). Indeed, the Supreme Court has for nearly half a century cautioned federal courts to avoid "[n]eedless decisions of state law" such as the decisions the district court made on the merits of Enochs's Texas state law claims. *Gibbs*, 383 U.S. at 726.

We recognize that the doctrine of pendent jurisdiction is a "doctrine of flexibility." *Carnegie-Mellon*, 484 U.S. at 350; *see also Gibbs*, 383 U.S. at 727 (noting a district court's "wide latitude to decide ancillary questions of state

No. 10-50029

law"). A district court has "wide discretion" in deciding whether it should retain jurisdiction over state law claims once all federal claims have been eliminated. *Guzzino*, 191 F.3d at 595. Thus, we are right to hesitate in rejecting the district court's exercise of its discretionary authority, as the general rule of remanding state law claims to state court after all federal claims have been eliminated is "neither mandatory nor absolute." *Batiste v. Island Records Inc.*, 179 F.3d 217, 227 (5th Cir. 1999) (citing *McClelland*, 155 F.3d at 519); *see also Brookshire Bros.*, 554 F.3d at 602. But such discretion is founded upon and guided by a court's consideration of the prescribed statutory and common law factors. Our deference cannot stretch so far as to find no abuse of discretion where, as is the case here, all federal claims were deleted at the infancy of the case and the balance of the statutory and common law factors weighs heavily in favor of remand.

*Parker & Parsley* is the primary case where we found that a district court abused its discretion in failing to relinquish jurisdiction over pendent state law claims.[1] In *Parker & Parsley*, a case originally filed in federal court, the sole federal claim was dismissed after nine months of trial preparation and one month before the scheduled trial date. 972 F.2d at 582. The district court retained jurisdiction over state law fraud, contract, and tort claims, and continued the case for three additional months. *Id.* Prior to the dismissal of the federal claim, there had been "a serious attack upon the propriety of venue, rigorous deposition schedules, ungodly amounts of discovery documents, and a hearing on discovery disputes." *Id.* at 584 (internal marks and citation omitted).

---

[1] *See also Certain Underwriters at Lloyd's, London & Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 & No. F97/2992/00 v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006). Admittedly our precedents in this area are few. But the relative scarcity of circuit precedent finding an abuse of discretion for failing to remand speaks strongly to how often the "general rule" is followed and how carefully district courts typically scrutinize their pendent jurisdiction.

No. 10-50029

The district court, in refusing to surrender jurisdiction over the pendent state law claims, concluded that "the equities weigh heavily in favor of maintenance of the case," and went on to hold a full trial and render judgment on the state law claims. *Id.* at 584-85. After a lengthy and detailed discussion where it "consider[ed] and weigh[ed] all the factors present in th[e] case," this court reversed the district court, finding that the failure to remand was an abuse of discretion. *Id.* at 590.

In *Parker & Parsley*, we carefully analyzed the *Carnegie-Mellon* factors, expressly mentioning that "[n]o single factor . . . is dispositive." *Id.* at 587. In its consideration, the court noted a number of facts and circumstances weighing in favor of relinquishing jurisdiction: (i) the case was "only nine months" old; (ii) trial was "still a few weeks away;" (iii) "discovery had not been completed;" (iv) the case was "at an earlier stage than the parties and the court previously might have thought" due to an amended complaint which changed the theories of the case; (v) the district judge did not have "substantial familiarity with the merits of the case;" (vi) the remaining state law issues were "difficult ones;" (vii) remaining in federal court did not "prevent[] redundancy [or] conserve[] substantial judicial resources;" (viii) there would be no "undue inconvenience" such as a "tremendous financial drain" or a necessity for new legal research; (ix) the already completed discovery "was largely usable in the state proceeding;" (x) the parties would not be prejudiced by remand; and (xi) the "important interests of federalism and comity" heavily favored remand. *Id.* at 587-89.

Careful examination shows that the circumstances in *Parker & Parsley* did not favor the relinquishment of jurisdiction nearly as strongly as do the circumstances here in Enochs's case. When this case became a purely Texas state law dispute, it was still in its infancy (less than three months old), no discovery had occurred, no hearings or trial dates had been scheduled, the district court was not even moderately familiar with any of the Texas state law

10

issues, no financial or other inconvenience would have occurred, and no prejudice would have arisen. These facts favor remand more heavily than the facts of *Parker & Parsley*.

## IV.

Because the balance of the statutory and common law factors weighs heavily in favor of remanding the pendent Texas state law claims, and because *Carnegie-Mellon* does not permit us to turn any allegation of improper forum manipulation into a trump card which can defeat the heavy balance of the other relevant considerations, we hold that the district court abused its discretion when it denied Enochs's motion to remand. The courts in this circuit must remain diligent in following the Supreme Court's almost fifty-year-old command that federal courts avoid needless decisions of state law.

For the foregoing reasons we vacate the district court's grant of summary judgment in favor of County on each Texas state law claim, reverse the district court's denial of Enochs's motion to remand, and remand the case with instructions to the district court to remand the Texas state law claims to the Texas state court from which the case was removed.

REVERSED and REMANDED.

No. 10-50029

EDWARD C. PRADO, Circuit Judge, dissenting:

I must disagree with my colleagues, whom I respect greatly, that the district court's decision to decline to remand a case properly before it amounted to an abuse of discretion. Section 1367(c)'s text and Supreme Court precedent make clear that there is no bright-line rule for determining whether a district court should retain pendent state-law claims, and our own precedent directs us to review these decisions mindful of the "wide discretion vested in the trial court to order a remand of state claims on the heels of a dismissal of federal claims." *Guzzino v. Felterman*, 191 F.3d 588, 595 (5th Cir. 1999) (citation omitted). The majority glosses over these first principles and nonetheless concludes that the district court abused its discretion simply because the common-law factors weigh in favor of remand. This, plain and simple, is de novo review and amounts to back-seat driving in precisely the type of decision in which we should be wary of second-guessing the judgment of the district court. I cannot condone my colleagues' decision to strip the district court of that "wide discretion" simply because they weigh the factors differently than the trial court.

My conviction that my colleagues are wrong in this case stems, in part, from my nineteen years as a federal district judge, during which time I was often placed in the same situation as the district court here. To be sure, I agree with the majority that the common-law factors in this case weigh in favor of remand. If I were still a trial judge facing the same situation I would likely have remanded the remaining claims to state court, as would most judges. That is not, however, our inquiry here. Rather, we must ask whether the facts of this case weigh *so* strongly in favor of remand that a district court with proper supplemental jurisdiction over Enochs's claims not only *should* have, but was *required* to remand the claims to state court. As far as I can tell, we have only found this to be the case *once*, almost twenty years ago and on facts, as I will explain, that are distinguishable from this case. *See Parker & Parsley Petroleum*

12

No. 10-50029

*Co. v. BJ-Titan Servs. Co.*, 972 F.2d 580, 587 (5th Cir. 1992).  I simply do not believe that the factors here weigh so strongly in favor of remand that the district court's decision to retain and expeditiously dispose of Enochs's pendent state-law claims constituted an abuse of its wide discretion.

## A.     28 U.S.C. § 1367(c) Is Not a Balancing Test

As an initial matter, I object to the majority's treatment of the four enumerated circumstances in which a court may decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) as a balancing test. Section 1367(c) authorizes a court to decline to exercise supplemental jurisdiction over a state-law claim if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over any federal claims; (3) the district court has already dismissed all federal claims; or (4) there are exceptional circumstances or other compelling reasons to decline jurisdiction. On its face, § 1367(c) is a list of situations in which it may be permissible for a district court to remand pendent state-law claims, and *not* a set of factors to be balanced.  The statute separates the subsections by the word "or," indicating that only one of the four factual scenarios need be present before a district court may properly, in its discretion (by applying the *Carnegie-Mellon*[1] or other common-law factors), decline to exercise supplemental jurisdiction.

Section 1367 was passed as part of the Judicial Improvements Act of 1990, Pub.L. No. 101-650, 104 Stat. 5089–5136, effective to suits filed after December 1, 1990.  *See Rodriguez v. Pacificare of Texas, Inc.*, 980 F.2d 1014, 1018–19 (5th Cir. 1993).  Starting with *McClelland v. Gronwaldt*, 155 F.3d 507, 519 (5th Cir. 1998), *overruled on other grounds by Arana v. Ochsner Health Plan*, 338 F.3d 433 (5th Cir. 2003), we departed from our prior precedent and began treating the § 1367(c) list of circumstances in which a federal court may decline to exercise

---

[1] *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343 (1988).

supplemental jurisdiction as a distinct set of factors to be balanced, akin to the *Carnegie–Mellon* common-law factors.[2]  Previously, we considered § 1367(c) to merely be a list of conditions—of which only one need be present—upon which a court could exercise its discretion to dismiss or remand pendent state-law claims.  *See Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 328 & n.35 (5th Cir. 1998) (mentioning § 1367(c), but applying only the *Carnegie–Mellon* common-law factors); *see also Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 455–56 (5th Cir. 1996) (same).  While our sister circuits differ as to whether they believe § 1367 alters judicial discretion under the *Carnegie–Mellon* and *Gibbs*[3] framework or merely incorporates it, only one other circuit[4] arguably

[2] In *McClelland*, the district court examined the § 1367(c) elements, concluded none applied, and summarily retained supplemental jurisdiction.  909 F. Supp. 457, 464 (E.D. Tex. 1995).  We, however, disagreed that the case presented justiciable federal-law claims, evaluated each part of § 1367(c), and concluded that remand was appropriate based on the statute alone.  *McClelland*, 155 F.3d at 519–20.  *McClelland* therefore incorrectly applied existing precedent twofold: by, for the first time, treating the § 1367(c) factors as a balancing test, and by failing to evaluate the *Carnegie–Mellon* common-law factors we have long used as a balancing test.

[3] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715 (1966).

[4] *See Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001).  The Fourth Circuit in *Hinson* stated:

> The exercise of discretion in these circumstances involves two overlapping decisions to be made by the district court—whether to continue exercising federal jurisdiction over pendent claims and whether to remand the case to State court.  Section 1337(c) lists factors to inform the decision of whether to exercise federal jurisdiction over pendent State claims, such as whether the State claims involve novel or complex issues of State law; whether the State law claims predominate; whether the federal claims justifying the court's jurisdiction remains in the case; or other compelling reasons.  And when the exercise of this discretion involves the additional question of whether to remand the case to State court, the federal court should consider principles of economy, convenience, fairness, and comity and whether the efforts of a party in seeking remand amount to a manipulative tactic.

239 F.3d at 617. (internal quotation marks and citation omitted).  Yet even the Fourth Circuit at best is uneven in how it applies § 1367(c) and evaluates discretionary remand decisions.  *See Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (noting that § 1367(c) provides that courts "may decline" to exercise supplemental jurisdiction in certain circumstances, and stating that "[a]mong the factors that inform this discretionary determination are" the

No. 10-50029

engages in anything similar to the § 1367(c) "balancing" that the Fifth Circuit has recently engaged in.[5]

---

*Carnegie–Mellon* factors).

Nor does the Eighth Circuit's somewhat murky case law support our Circuit's recent practice. That Circuit most frequently cites to *Gibbs* and *Carnegie–Mellon* (and their Eighth Circuit progeny) when it addresses § 1367(c) remands. *See, e.g.*, *Barstad v. Murray Cnty.*, 420 F.3d 880, 888 (8th Cir. 2005) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." (quoting *Carnegie–Mellon*, 484 U.S. at 350 n.7 (internal quotation marks omitted))); *McLaurin v. Prater*, 30 F.3d 982, 985 (8th Cir. 1994) ("[Section 1367(c)] plainly allows the district court to reject jurisdiction over supplemental claims only in the four instances described therein."). The Eighth Circuit has once stated, however, that it "look[s] to the factors set forth in § 1367(c)" without explaining what that means. *Fielder v. Credit Acceptance Corp.*, 188 F.3d 1031, 1037 (8th Cir. 1999). Whether the *Fielder* court meant to engage in balancing of the § 1367(c) "factors" as this Court has recently done, however, is doubtful. *See id.* at 1038 (citing *Anglemyer v. Hamilton Cnty. Hosp.*, 58 F.3d 533, 541 (10th Cir. 1995) (applying *Carnegie–Mellon* factors), and *Parker*, 972 F.2d 580 (applying *Carnegie–Mellon* factors)).

[5] All of the other circuits engage in the traditional common-law analysis and do not balance the § 1367(c) "factors." *See Estate of Amergi ex rel. Amergi v. Palestinian Auth.*, 611 F.3d 1350, 1366 (11th Cir. 2010) ("If one of these four statutory factors [of § 1367(c)] applies, courts may also consider additional factors, which include judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together." (internal quotation marks and citation omitted)); *Nielander v. Bd. of Cnty. Comm'rs of Cnty. of Republic, Kan.*, 582 F.3d 1155, 1172 (10th Cir. 2009) ("In deciding whether to exercise jurisdiction [under § 1367(c)], the district court is to consider "judicial economy, convenience, fairness, and comity."*); Williams Elecs. Games, Inc. v. Garrity*, 479 F.3d 904, 906–08 (7th Cir. 2007) (explaining that § 1367(c) codified common-law pendent jurisdiction principles (with changes), noting that a court may dismiss a claim under § 1367(c)(3) where it meets one of the four criteria "without having to consider the [other] criteria," and explaining that the Seventh Circuit's precedent identifies specific circumstances (in common law) in which that discretionary authority should not be exercised); *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002) ("28 U.S.C. § 1367(c), itself, makes clear that a district court may, not must, decline to exercise supplemental jurisdiction [where the federal claims are dismissed]. The district court's decision to exercise supplemental jurisdiction at this point depends on judicial economy, convenience, fairness, and comity." (internal quotation marks and citation omitted)); *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446–48 (2d Cir. 1998) (holding that § 1367 altered *Gibbs*'s discretionary pendent-jurisdiction analysis, adopting a framework that "[o]nce a court identifies one of the factual predicates which corresponds to one of the subsection 1367(c) categories, the exercise of discretion is informed by whether remanding the pendent state claims comports with the underlying objective of" the *Carnegie–Mellon* factors, and determining that the district court improperly remanded state-law claims when it evaluated the *Carnegie–Mellon* factors without first determining whether one of the enumerated § 1367(c) conditions applied (internal quotation marks omitted)); *Acri*

15

No. 10-50029

Our recent practice of engaging in § 1367(c) "balancing" has no foundation in the statute's text, our own precedent, or in the practice of our sister circuits. "[W]here two previous holdings or lines of precedent conflict, the earlier opinion controls and is the binding precedent in the circuit." *United States v. Wheeler*, 322 F.3d 823, 828 n.1 (5th Cir. 2003) (internal quotation marks and citation omitted) (alteration in *Wheeler*). The majority, in error, follows the more recent line of cases from our Circuit and weighs the § 1367(c) "factors" in this case in addition to separately weighing the *Carnegie–Mellon* common-law factors.[6] Here, the district court could have declined to exercise supplemental jurisdiction over Enochs's state-law claims because all of the federal claims had been dismissed from the litigation. This observation is sufficient under our own precedent to turn to whether the common-law factors articulated in *Carnegie–Mellon* or any other relevant considerations indicate that the district court's continued exercise of supplemental jurisdiction was an abuse of discretion.

---

*v. Varin Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("While discretion to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the *Gibbs* values of economy, convenience, fairness, and comity." (internal quotation marks omitted)); *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256–57 (1st Cir. 1996) (noting that § 1367(c)(3) applied and stating that the trial court was to evaluate whether it should retain jurisdiction over remaining state-law claims taking into account the common-law factors); *Edmonson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1266 (D.C. Cir. 1995) (noting that § 1367 codified *Gibbs*, and that the decision whether to exercise supplemental jurisdiction is "guided by consideration of the [§ 1367(c)] factors," and stating that "*Gibbs* determines the framework in which [the § 1367(c) circumstances] are to be considered, mentioning judicial economy, convenience, fairness and comity as relevant"); *Borough of W. Mifflin v. Lancaster*, 45 F.3d 780, 788–89 (3d Cir. 1995) (explaining that § 1367(c) was intended to codify pendent jurisdiction law in *Gibbs*, stating that only one of the § 1367(c) criteria was allegedly applicable in the case (subsection (2)), and conducting a *Gibbs/Carnegie–Mellon* analysis of that criteria/factor).

[6] Even assuming our precedent requires us to balance the §1367(c) "factors," those factors only modestly weigh in favor of the district court declining jurisdiction. Only Enochs's Texas Government Code § 614 claim requires interpreting Texas law without guidance from the Texas Supreme Court (the § 1701.456(b) argument can be resolved without addressing the sovereign-immunity-waiver issue), and there are no exceptional circumstances in this case.

## B.    The District Court Did Not Abuse Its Discretion

I agree that the common-law factors of judicial economy, convenience, fairness, and comity weigh in favor of declining jurisdiction, but do not believe they weigh so clearly or overwhelmingly that the district court abused its discretion in retaining and deciding Enochs's state-law claims.  The judicial-economy factor considers whether there would be any "significant additional burdens on the parties such as repeating the effort and expense of the discovery process[ or] the relitigation of procedural matters" either by staying in federal court or by going back to state court.  *See Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 603 (5th Cir. 2009).  This factor is neutral: the district court was already slightly familiar with the case and had issued a ruling on a motion to dismiss, but the case was in its early stages, and a state court could easily catch up had the case been remanded.  Convenience favors remand because all parties, witnesses, and evidence are in Lampasas County, and the federal district court is seventy miles away in Austin.  Seventy miles is not, however, so great a distance as to be unduly burdensome.  Fairness to the parties did not weigh either way, as neither party would have been prejudiced by having the case tried in federal court or in state court.  At most, it would be fairer to the parties to have Enochs's novel § 614 claim decided by a state court. Comity favors remand, as it always does in these situations, because federal courts are courts of limited jurisdiction, and Texas state courts have superior familiarity with, and heightened interests in developing, Texas state law.

In addition to providing the above list of common-law factors to consider, *Carnegie–Mellon* also admonished federal courts to guard against improper forum manipulation by plaintiffs by denying motions to remand where appropriate. 484 U.S. at 357; *see Brown v. Sw. Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990) ("[I]t is apparent that by dropping his admittedly preempted claims and moving for a remand, Brown attempted to engage in precisely the

sort of forum manipulation proscribed by *Carnegie–Mellon*.").[7] We have followed *Carnegie–Mellon*'s admonition and condoned district courts' decisions to retain pendent state-law claims when plaintiffs attempt to evade removal jurisdiction:

> [W]e express our disapproval of Burks's attempt at forum manipulation. He has tried and failed to delete all of the federal claims from his complaint in order to get the district court to remand. In *Carnegie–Mellon*, . . . the Court urged the lower federal courts to guard against such manipulation by denying motions to remand where appropriate.

*Burks v. Amerada Hess Corp.*, 8 F.3d 301, 306 (5th Cir. 1993), *abrogated on other grounds by Giles*, 172 F.3d 332. And as we stated in *Boelens v. Redman Homes, Inc.*:

> When a plaintiff chooses a state forum, yet also elects to press federal claims, he runs the risk of removal. A federal forum for federal claims is certainly a defendant's right. If a state forum is more important to the plaintiff than his federal claims, he should have to make that assessment before the case is jockeyed from state court to federal court and back to state court. The jockeying is a drain on the resources of the state judiciary, the federal judiciary and the parties involved; tactical manipulation [by the] plaintiff . . . cannot be condoned.

759 F.2d 504, 507 (5th Cir. 1985) (citation omitted) (alterations in original). Enochs's simultaneous motions to dismiss and to remand could have been seen as a clear attempt to get his case sent back to state court.

While the majority makes the uncontroversial statement that "plaintiffs get to pick their forum and pick the claims they want to make unless they are blatantly forum shopping," *Guzzino*, 191 F.3d at 595, forum manipulation may be exactly what Enochs engaged in. As we made clear in *Boelens*, Enochs was

---

[7] In *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 340 (5th Cir. 1999), we noted that deleting preempted federal claims is not forum manipulation because those claims are not "valid causes of action." How our Circuit comes down on this issue is irrelevant, as it is not argued that Enochs's claims are preempted.

the master of his complaint and put his choice of forum at risk when he alleged federal claims. Lampasas County properly removed the case, and if Enochs wanted so desperately to avoid trying his claims in federal court he should have made the tactical decision not to plead any federal claims from the outset. The district court could have properly viewed his motions to amend and remand as forum shopping and thus properly denied the motion to remand. This consideration is not, as the majority paints it, a "trump card" that overrides the other factors also articulated in *Carnegie–Mellon*; rather, it is an additional factor to be weighed that, in this case, makes it clear to me that the district court's decision to keep the state-law claims was within its wide discretion and should not be disturbed.

We have only *once* found that a district court improperly exercised supplemental jurisdiction over pendent state-law claims after the federal claims had dropped out of the litigation.[8] *Parker*, 972 F.2d at 587. In *Parker*, we explained that the plaintiff filed a second amended complaint that "markedly revised its theories of recovery" in almost every respect *one week* before the motion to dismiss was filed, and "[t]he filing of a pleading that so substantially changed important aspects of the case meant that the case was at an earlier stage than the parties and the court previously might have thought." *Id.* Here, the case was in district court for almost three months when the federal claims dropped out and the plaintiff engaged in a seemingly transparent effort to have his case sent back to state court. The district court was at a minimum familiar with Enochs's federal claims after deciding a motion to dismiss, and had ample

---

[8] *Certain Underwriters at Lloyd's, London and Other Insurers Subscribing to Reinsurance Agreements F96/2922/00 v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006), is inapposite because it involved state-law counterclaims that "rode into federal court on the coattails" of arbitration-related affirmative defenses that were determined to be meritless. The counterclaims arose "out of separate and independent actions" and were collateral and not related to the heart of the suit.

time to review all of Enochs's claims and determine whether his state-law claims merited resolution by the state court.  Furthermore, in *Parker* the plaintiff originally brought suit in federal court and had its only federal claim dismissed by the district court on a motion to dismiss shortly after it filed its second amended complaint.  Whereas this case likely presents a concerted effort by the plaintiff to "oust removal jurisdiction by voluntarily amending the complaint to drop all federal questions," there was no such taint of forum manipulation in *Parker*.  *See Boelens*, 759 F.2d at 507.  In short, *Parker* does not control the outcome of this case.

We should be wary to go down a path that transforms the "general rule" of exercising discretion *not* to hear proper pendent state-law claims into a bright-line dictate removed from district judges' experience and familiarity with the parties and merits of the claims before it.  While remanding the case to state court may have been the more prudent choice, there are ample considerations that weigh in favor of retaining jurisdiction.  In light of the difficulty with which this decision must be weighed, I cannot be as quick to second-guess that decision as my colleagues.

I therefore respectfully dissent.